UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN ROBERT LEPPER,

    Petitioner,

                                                          8:04-cv-1880-T-17TBM

JAMES V. CROSBY, JR.,

    Respondent.

_____

## **ORDER**

This cause is before the Court on Petitioner John Lepper's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. Lepper challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.

### BACKGROUND

On June 14, 2000, John R. Lepper was charged with DUI Manslaughter in case no. CFOO-2916. Lepper pled guilty to a negotiated plea of nolo contendere. On May 1, 2001, Lepper was adjudicated guilty and sentenced to a prison term of 9 years. Lepper did not take a timely appeal from his judgment.

On June 4, 2001, Lepper through his counsel, filed a motion for reduction of sentence under Florida Rule of Criminal Procedure 3.800(c). At a hearing held June 8,

2001, the trial court denied the motion.

More than 30 days after his plea-based judgment became final, on June 22, 2001, Lepper, represented by successor retained counsel, filed a motion to withdraw his plea. This motion, in which Lepper claimed his former counsel advised him the court could and would entertain a motion to mitigate or reduce sentence, did not set out the state rule under which it was filed. On August 1, 2001, the motion was denied at a [non-evidentiary] hearing.

Lepper appealed, and on May 10, 2002, the state district court of appeal dismissed the appeal without prejudice to Lepper's filing a timely motion pursuant to rule 3.850. Lepper v. State, 826 So.2d 363  (Fla. 2d DCA 2002) . The decision provides, in pertinent part:

> John R. Lepper appeals an order disposing of a motion that the trial court had no authority to consider. At an earlier time, this court decided to treat this case as an appeal from an order denying a motion filed pursuant to rule 3.850. In the motion Mr. Lepper claimed that his plea was unknowing and involuntary because it was based on erroneous advice of counsel. On its own motion, this court concludes that the trial court order is void and that the relevant motion cannot be treated as if it were a postconviction motion. Cf. Polk County v. Sofka, 702 So.2d 1243 (Fla. 1997) (finding that if a court's lack of jurisdiction becomes apparent at any stage of proceedings, court is bound to enter appropriate order remedying defect); Bothwell v. State, 450 So.2d 1150 (Fla. 2d DCA 1984) (finding trial court lacked jurisdiction to enter order awarding costs on untimely motion, thus order was void). We conclude that the void order should be stricken and this appeal dismissed without prejudice to Mr. Lepper's right to file a timely motion pursuant to Florida Rule of Criminal Procedure 3.850.
>
> Mr. Lepper pleaded no contest to DUI manslaughter on March 19, 2001. He was sentenced on May 1, 2001, and the written judgment and sentence were rendered May 8, 2001. On June 22, 2001, Mr. Lepper's newly retained attorney filed a motion to withdraw plea. The motion did not state pursuant to what rule it was filed. The motion did not from the record that the trial court proceeded as though the defendant to attempt to withdraw a plea within 30 days after rendition of sentence. Because, as Mr. outside of that 30-day window, the trial court had no authority to consider it.

> The motion filed by counsel in this case generally alleges that Mr. Lepper's plea was involuntary. The motion is not sworn and is not sufficient for purposes of rule 3.850. Occasionally, we treat motions similar to this motion as if they were proper postconviction motions. In this case, however, because the motion is facially insufficient, it cannot be treated as one for postconviction relief.
>
> The trial court did not elect to treat this motion as if it were filed pursuant to rule 3.850. Instead, the trial court discussed the merits of the motion and denied it as filed under rule 3.170(1). Because this motion could not be treated as a postconviction motion, the trial court should have stricken it as untimely and unauthorized.
>
> If we reviewed the merits of this appeal, it might prejudice Mr. Lepper's ability to file a timely and sufficient postconviction motion because his next motion might be deemed successive. Accordingly, we dismiss this appeal as an appeal from a void order.
>
> Dismissed.

Lepper v. State, 826 So.2d at 363-364.

Lepper then filed a pro se motion for postconviction relief dated July 21, 2002, under Florida Rule of Criminal Procedure 3.850. (Ex. 13, V 1 R 71-85) Lepper first alleged his plea was involuntarily entered based on alleged misadvice by his trial counsel as to the amount of prison time he would serve. In a second ground, he claimed his trial counsel misapprehended state law with regard to a sentencing motion.

An evidentiary hearing was conducted on June 5, 2003. After hearing testimony and argument, the state trial court, crediting the testimony of Lepper's trial counsel, denied Lepper's rule 3.850 motion. A written order was rendered July 16, 2003. (Ex. 13 V 2 R 213) Lepper appealed the final denial.

After briefing, on May 21, 2004, the state district court of appeal per curiam affirmed without written decision in case no. 2D03-2922. Lepper v. State, 2004 Fla. App. LEXIS 7132. The mandate issued August 16, 2004. (Ex. 12, case docket, 2D03-2922).

Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court determined that "an application is 'properly filed' under § 2244(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. at 8.  The Court explained that laws and rules governing filings "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. The Supreme Court concluded that the question of whether a petitioner has "properly filed" an application "is quite separate from the question of whether the claims contained in the application are meritorious and free of a procedural bar." Id. at 9. Under Artuz, the Eleventh Circuit looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." Wade v. Battle, 379 F.3d 1254, 1259 -1260 (11th Cir. 2004).

For purposes of § 2244(d) as well as Florida Rule of Procedure 3.850, Lepper's state

judgment became final on May 31, 2001, upon expiration of the time for taking a timely appeal of the judgment imposed on entry of his nolo contendere plea. See McGee v. State, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for appeal expired). Thus, his AEDPA limitations period commenced June 1, 2001 and he had until June 2, 2002 to file a timely federal petition..

Lepper did not do so.  He filed a rule 3.800(c) motion seeking mitigation of his sentence. No portion of the periods during which Petitioner's 3.800(c) motion was pending in the state trial court tolled the running of the one-year AEDPA limitations period because a motion to mitigate sentence in Florida under rule 3.800(c) does not operate as a vehicle for collateral review of the legality of the judgment and does not qualify as a tolling application under § 2244(d).  See Martinez v. Crosby, 2005 WL 3133471 (M.D. Fla., Nov. 23, 2005); Walkowiak v. Haines, 272 F.3d 234, 237-38 (4th Cir. 2001) (A motion for reduction of sentence required by West Virginia law to be filed within 90 days after sentencing does not constitute application for collateral review within the meaning of 28 U.S.C. § 2244(d)(2).).

Unlike a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), a rule 3.800(c) motion is not a collateral attack mechanism for challenging the sentence. Pursuant to rule 3.800(a), a Florida court may correct an illegal sentence, an incorrect calculation in a sentencing scoresheet, or a sentence that does not grant proper credit for jail time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief. A rule 3.800(a) motion is part of the collateral review process in Florida.

In contrast, a rule 3.800(c) motion, which does not attack the legality or lawfulness

of the sentence, is not a mechanism for collateral review with respect to the pertinent judgment. Rule 3.800(c) provides as follows:

> Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

From the plain language of the rule, it can be seen that rule 3.800(c) provides the trial court a mechanism to modify a _legal_ sentence. Unlike a rule 3.800(a) or 3.800(b) motion, a 3.800(c) motion is not a vehicle for raising legal error in the sentence. Furthermore, denial of a rule 3.800(c) motion is not appealable, e.g., Bateman v. State, 866 So.2d 211 (Fla. 4th DCA 2004). A rule 3.800(c) motion is not part of the "ordinary" direct or collateral review process of a conviction or sentence in Florida.

In Ford v. Moore, 296 F.3d 1035 (11th Cir. 2002), the Eleventh Circuit addressed a Florida prisoner's contention his rule 3.800 motion tolled his limitations period. The State conceded Ford's Rule 3.800 motion was a "properly filed" application for collateral review with respect to the pertinent judgment as required by AEDPA's tolling provision but argued rule 3.800 did not toll the limitations period because it did not contain a federal cognizable claim. The Eleventh Circuit did not reach the issue of whether the rule 3.800 motion raised a federal claim because the Court concluded Ford's rule 3.800 motion tolled AEDPA's

6

limitations period even if it only contained a state law claim. Ford, 296 F.3d at 1037.

The Ford decision does not identify whether the Court was addressing a rule 3.800(a) motion. Nonetheless, it can be determined from Ford that the Eleventh Circuit was addressing the tolling effect of a rule 3.800(a) motion by the Court's citation to Wyche v. State, 624 So.2d 830, 832 (Fla. 1st DCA 1993). Ford, 296 F.3d at 1038. Wyche recognized that rule 3.800(a) is reserved for cases in which the sentence imposed is not authorized by law such as "where the sentence exceeds the statutory maximum sentence for the crime charged." Wyche, 624 So.2d at 832.

Because the purpose of a motion to modify or reduce sentence in Florida is to adjust a sentence on a prayer for leniency or mercy and is not a mechanism for review of the validity of the sentence, a rule 3.800(c) motion does not constitute collateral review as contemplated by the AEDPA tolling statute. Accordingly, Petitioner's rule 3.800(c) motion was not a tolling motion under § 2244(d)(2). Compare, Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002)(pendency of application before state sentence review panel did not toll AEDPA's one-year limitations period; panel's sole task was to determine whether sentence was excessively harsh in comparison to other sentences for similar crimes and criminal histories and thus did not qualify as "state post-conviction or other collateral review").  Petitioner's 3.800(c) motion for mitigation is similar to a prisoner's clemency application in the sense that the motion is not an application for reviewing the validity of the judgment. Cf., Malcom v. Payne, 281 F.3d 951 (9th Cir. 2002)(petition for clemency under Washington state law was not an application for "state post-conviction or other collateral review" and therefore did not toll the statute).

Moreover, Lepper's motion to withdraw plea was improperly filed and did not operate

7

to toll the limitations period. This defective motion, filed by his retained counsel after expiration of the time for appealing the plea-based judgment, did not set forth the rule under which it was filed and was deemed void by the state district court in dismissing the appeal from denial thereof. Because this application did not meet the state's pleading requirements, it cannot toll the AEDPA limitations period. See e.g., Hurley v. Moore, 233 F.3d 1295 (11th Cir. 2000)(state postconviction motion which did not contain written oath required by state criminal procedural rule was not properly filed and could not toll one-year limitations period for federal habeas petitions)

Lepper's July 21, 2002, rule 3.850 motion was filed after expiration of the federal limitations period and had no practical tolling effect because there was no period remaining to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of a timely rule 3.850 motion outside one-year limitations period); Webster v. Moore, 199 F.3d at 1259 (rejecting argument that AEDPA limitations period tolled for time period prisoner had availed himself of new rule setting two-year limit for ineffective assistance of appellate counsel claims).

Lepper has not demonstrated any exceptional circumstances to warrant equitable tolling.

Even if the petition were not time-barred, a review of the record demonstrates that, that Lepper's claims have no merit. Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential to the merits of the claims. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must

be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

Respondent's arguments and citations on the merits of the claims are persuasive, and the Court adopts and incorporates the arguments on each of the claims herein.

Accordingly, the Court orders:

That Lepper's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Lepper and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 31, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
John Robert Lepper